### NERJES v. ROE.

(Common Pleas of New York City and County, General Term. December 27, 1895.)

ASSIGNMENT—EXISTENCE OF SUBJECT.

Where rent has been paid three months in advance under a lease containing a provision that the tenant's damages for delay in getting possession are to be measured by the number of days and deducted from the accruing rent, the lessee cannot assign his claim as a right of action until the end of the three months, for there would be no existing claim until that time.

Appeal from Eighth district court.

Action by George A. Nerjes against Addie V. Roe. There was a judgment in favor of plaintiff, and defendant appeals. Reversed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

David Levy, for appellant.
P. C. Talman, for respondent.

PER CURIAM. It is obvious, from an examination of the lease under which the plaintiff claims, that the tenant's damages

were to be measured by the number of days during which his occupancy was deferred, and the amount deducted, at an agreed rate, from the accruing rent.    Here there was no occupancy whatsoever, and the tenant could look to the advance payment of the three months' rent only at the end of that period.    The assignment of his "claim" .against the lessor by the tenant to this plaintiff at the beginning of the second month was valueless as a transfer of a right of action, for there was no existing claim at that time. At the end of the three months, the tenant would have had a cause of action for the advance rent paid, but the lease was annulled by the parties some few days after the assignment of the purported claim, the tenant then receiving back his full advance payment as made.    Had the plaintiff delayed bringing his action until the expiration of the three months, which he did not, he still would have had no cause of action, since the contract was no longer in existence at that time.

Judgment reversed, with costs, and complaint dismissed.